UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV 25-01895-MRA (DFM) | Date: | August 6, 2025 |
|---|---|---|---|
| Title | Tuggle v. Warden California Department of Corrections and Rehabilitation | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

Petitioner Raequan Tuggle, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus by a Person In State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

For the reasons set forth below, Petitioner is ORDERED TO SHOW CAUSE within twenty-eight (28) days why the Petition should not be dismissed as unexhausted.

I. BACKGROUND

In 2017, a jury convicted Willie Shelman and Petitioner of attempted premeditated murder, street terrorism, shooting at an inhabited dwelling, and assaulted with a firearm, and found true various gang and firearm enhancement allegations. See Petition at 1; People v. Shelman, No. D075365, 2019 WL 3448540, at *1 (Cal. Ct. App. July 31, 2019). The trial court sentenced Shelman and Petitioner to indeterminate prison terms of 55 years to life. See Shelman, 2019 WL 3448540, at *1. On direct appeal, the California Court of Appeal affirmed in part, reversed in part, and remanded for the limited purpose of allowing the trial court to resentence defendants. See id. at *14. On October 9, 2019, the California Supreme Court denied Petitioner's petition for review. See https://appellatecases.courtinfo.ca.go (search by case number "S257821") (last accessed August 4, 2025).

It appears that Petitioner filed another direct appeal on August 30, 2023, which was dismissed by the California Court of Appeal on February 2, 2024. See id. (search by case number "D082721") (last accessed August 4, 2025). At some point in 2024, Petitioner filed a habeas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

corpus petition in the San Bernardino County Superior Court, which was denied on an unknown date. See Petition at 1. There is no indication that Petitioner appealed that denial or filed any other habeas petition in state court.

Here, Petitioner alleges: (1) his conviction was based on false and recanted testimony; (2) he is actually innocent; and (3) ineffective assistance of counsel and prosecutorial misconduct. See Petition at 2-3.

## II.   DISCUSSION

A federal court may not grant habeas relief unless a petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A petitioner satisfies the exhaustion requirement by fully and fairly presenting each claim to the highest state court." Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009). "In order to 'fairly present' an issue to a state court, a [habeas] petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" Gulbrandson v. Ryan, 738 F.3d 976, 992 (9th Cir. 2013) (quoting Scott, 567 F.3d at 582); see also Gray v. Netherland, 518 U.S. 152, 163 (1996) (reasoning that failure to exhaust state-court remedies is a "procedural bar").

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). The petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Further, as a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982). "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Here, it appears that Petitioner has not presented his claims to the California Supreme Court. Petitioner argued on direct appeal that: (1) the evidence was insufficient to support the attempted premeditated murder conviction; (2) trial counsel was ineffective for failing to object to the expert testimony and rap lyrics; and (3) legislative amendments required resentencing. See Shelman, 2019 WL 3448540, at *1. Now, Petitioner asserts that his conviction was secured through false or misleading testimony, he is actually innocent, counsel was ineffective, and that the District Attorney of San Bernardino County engaged in misconduct. See Petition at 2-3. Petitioner may have brought some of these claims to the Superior Court but there is no indication he has presented those claims to the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

### III. CONCLUSION

Petitioner is **ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order** why this action should not be dismissed as unexhausted.

Alternatively, Petitioner may file a formal motion to stay this case and hold it in abeyance while he returns to state court to exhaust his unexhausted claims. The Supreme Court held in Rhines v. Weber, 544 U.S. 269 (2005), that a district court has discretion to stay a "mixed" petition for habeas corpus relief if the petitioner can show: (1) good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78. Good cause "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake v. Baker, 745 F.3d 977, 980-82 (9th Cir. 2014). "[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

Petitioner may also instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).

**Petitioner is warned that his failure to timely respond to this Order will result in the Court recommending that this action be dismissed with prejudice for some or all of the reasons listed above and for failure to prosecute.** See **Fed. R. Civ. P. 41(b).**