UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV 25-01895-MRA (DFM) | Date: | September 11, 2025 |
|---|---|---|---|
| Title | Tuggle v. Warden California Department of Corrections and Rehabilitation | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Second Order to Show Cause

Petitioner Raequan Tuggle, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person In State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

On August 6, 2025, the Court ordered Petitioner to show cause why the Petition should not be dismissed as unexhausted, as it appeared that Petitioner had not presented his claims to the California Supreme Court. See Dkt. 3 ("OSC"). Alternatively, the Court afforded Petitioner the opportunity to file a formal motion to stay this case and hold it in abeyance while he returns to state court to exhaust his unexhausted claims. See id. On August 20, 2025, Petitioner responded to the OSC, acknowledging that he has not exhausted state remedies but asserting that dismissal "would cause extreme prejudice and a fundamental miscarriage of justice" considering his actual innocence claim. See Dkt. 4.[1]

---

[1] Petitioner may be asserting that his actual innocence claim excuses any failure to exhaust his claims. If a petitioner is "procedurally barred" from exhausting his state court remedies, his claims "are considered procedurally defaulted for purposes of federal habeas review," and he will have met "the technical requirements for exhaustion." Smith v. Baldwin, 510 F.3d 1127, 1137-38 (9th Cir. 2007) (citing Coleman v. Thompson, 501 U.S. 722, 733 (1991). "Here, however, nothing indicates that the state court would necessarily consider Petitioner's unexhausted claims procedurally barred. Thus, his failure to exhaust remains unexcused, and his actual-innocence claim is beside the point." Berryman v. Keeton, No. 17-7936, 2019 WL 1777292, at *3 (C.D. Cal. Apr. 22, 2019). Additionally, the Court notes that the "fundamental miscarriage of justice" exception is extremely difficult to meet. See Schlup v. Delo, 513 U.S. 298, 324 (1995); McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Pursuant to AEDPA, the Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, regardless of the strength of the claim(s) or Petitioner's pro se status. See 28 U.S.C. § 2254(b)(1)(A). Indeed, "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). In short, Petitioner must present the claims asserted in his Petition to the California Supreme Court.

**Accordingly, Petitioner is ORDERED to do one of the following within twenty-eight (28) days**: (1) if Petitioner has exhausted his claims in state court, he shall file documents demonstrating exhaustion, including records showing that the California Supreme Court has considered each of his claims; or (2) if Petitioner has not exhausted his claims, he shall file a formal motion for stay-and-abeyance under Rhines that sets forth a reasonable excuse for his failure to exhaust. The standards governing a Rhines stay are set forth below. Alternatively, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).

A district court has discretion to stay a "mixed" petition for habeas corpus relief if the petitioner can show: (1) good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "abusive litigation tactics or intentional delay." Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Good cause "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake v. Baker, 745 F.3d 977, 980-82 (9th Cir. 2014). "[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

**Petitioner is warned that his failure to timely respond to this Order will result in the Court recommending that this action be dismissed with prejudice for some or all of the reasons listed above and for failure to prosecute.** See Fed. R. Civ. P. 41(b).